# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2773

SAMUEL MICHAEL MCDONALD,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the Board of Immigration Appeals
Immigration Judge Richard Bailey, No. A042-658-405

Before: HARDIMAN, BOVE, and FISHER, *Circuit Judges*
Submitted Jun. 10, 2026; Decided Jun. 10, 2026
_____


NONPRECEDENTIAL OPINION[*]


BOVE, *Circuit Judge.*  Petitioner Samuel Michael McDonald seeks review of the

BIA's decision denying his application for cancellation of removal.  The BIA concluded

that Petitioner was eligible for that relief but declined to provide it based on the balance of

relevant considerations.  We lack jurisdiction to review that discretionary balancing.

Therefore, we will dismiss the petition.

We assume the parties' familiarity with the underlying facts, procedural history, and

issues on appeal.  Petitioner is a lawful permanent resident.  His record in this Country

includes a litany of criminal charges as well as guilty pleas to burglary and two child-

endangerment offenses.  DHS initiated removal proceedings following Petitioner's

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not
binding precedent.

convictions, and an IJ found Petitioner removable under 8 U.S.C. § 1227(a)(2)(E)(i) based on child abuse. The IJ also determined that Petitioner was eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a). After a hearing, the IJ exercised his discretion to cancel Petitioner's removal. The BIA reversed because Petitioner's "serious and recent criminal behavior outweighs the positive factors present in his case." CAR5. Petitioner filed a petition for review with this Court.

The BIA did not revisit Petitioner's eligibility for cancellation of removal, and there is no dispute about that eligibility here. Instead, Petitioner is challenging the BIA's decision not to grant that relief notwithstanding his eligibility. We do not have jurisdiction to review such a discretionary determination. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

Petitioner argues that the BIA improperly engaged in de novo review of the IJ's fact findings and made credibility determinations. Neither contention is sufficient to open the courthouse doors. The BIA explained that, "even assuming" that the IJ was correct that Petitioner had a "platonic" relationship with "the 14-year-old victim," Petitioner's "uncontested criminal acts are extremely significant negative factors" that did not "warrant[] a favorable exercise of discretion." CAR5. Thus, labels aside, Petitioner's arguments necessarily are addressed to the BIA's discretionary balancing. "[A] party may not dress up a claim with legal clothing to invoke this Court's jurisdiction." *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010).[1] Accordingly, we will dismiss the petition.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.